**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE SECTION**

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| VS. ] | CRIM. CASE NO. 3:21-cr-00158 |
| ] | JUDGE CAMPBELL |
| BRANDON MILLER ] | |

**PETITION TO ENTER A PLEA OF GUILTY**

I, Brandon Miller, respectfully represent to the court as follows:

(1) My true full name is Brandon Miller. I was born on April 9, 1999 and completed 12 years of formal education.

(2) My attorney is Dwight E. Scott.

(3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have told my attorney the facts and surrounding circumstances concerning the matters mentioned in the indictment and believe and feel that my lawyer knows enough about my case to render me effective assistance. My attorney has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My attorney has explained to me each element of the crime charged and how the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for the offenses with which I am charged is: **Count 1**, not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013; **Count 2**, not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory

special assessment of $100.00 per count as provided in 18 U.S.C. § 3013; **Counts 4-9,** not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013.

As to the count to which I am offering to plead guilty, I understand that the statutory penalty for the offenses with which I am charged is: **Count 1**, not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013; **Count 2**, not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013; **Counts 4-9,** not more than five (5) years incarceration, up to $250,000 fine, a period of supervised release of not more than three (3) years, restitution, if any, to be determined by the Court, and a mandatory special assessment of $100.00 per count as provided in 18 U.S.C. § 3013;

I have been advised that I may be sentenced under the sentencing provisions of the Comprehensive Crime Control Act of 1984, pursuant to guidelines established by the United States Sentencing Commission. However, the guidelines are but one of several factors that the Court may consider under the provisions of 18 U.S.C. § 3553(a) in imposing a sentence. I also understand that the Judge may impose a sentence within the guideline range unless the court finds, and states on the record, any mitigating or aggravating circumstances that were not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. I also understand that, if the court fails to follow the guidelines or improperly applies the guidelines, I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit, subject to any limitations which are set forth in any plea agreement I may have with the United States Government. I have discussed the United States Sentencing Guidelines with my attorney, and have been advised by my attorney of an estimated guidelines sentencing range. I realize that this is simply my attorney's estimate and that my guideline range will be calculated by the United States Probation Officer who prepares the pre-sentence report in my case, subject to challenge by either me or the government with the final guideline calculation based upon the factual and legal findings of the court. These findings are subject to appeal.

I further understand that, as part of any sentence of imprisonment I receive, I may be sentence to a mandatory period of supervised release and that, if I violate the terms of supervised release, upon revocation I could be imprisoned for a term equal to the entire period of supervised release. If I am charged with more than one offense, I understand that the sentencing guidelines take this into consideration and it may result in a longer sentence whether or not I plead guilty to more than one offense. I have been informed that under the present federal sentencing system I will not be subject to parole and I will receive only 54 days good time per year and it will not vest until the end of each year. I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any

fine. Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.

I understand that, should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law, that: (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole, whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal. If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(6) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and to persist in that plea, and that if I choose to plead not guilty, the United States Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor, and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the court accepts my plea that there will be no jury trial and that I will be convicted of the counts to which I plead just as if a jury found me guilty of the charges following a trial and that the court may impose sentence upon me within the limits set forth in the plea agreement stated in paragraph (10) herein.

(7) No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (10) below. I understand that, even with a plea agreement, no person can bind the Judge to give any particular sentence in my case and that, if the Judge decides to reject the plea agreement set forth in paragraph (10) below, I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire, unless the government has only agreed to recommend a sentence to the court [Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure]. I hope to receive probation or some form of leniency but I am prepared to accept any punishment permitted by law which the judge may see fit to impose. I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable

by twenty or more years imprisonment. I understand that, if the judge decides to make a recommendation about where I should serve any incarceration, the recommendation is not a promise or guarantee, but only a recommendation and is not binding on the Bureau of Prisons, which will make the final decision (after I am sentenced) about where I will be incarcerated.

(8) My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me. My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

(9) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

**Plead guilty to Counts 1, 2 and 4-9 of the indictment.**

(10) This plea is NOT a result of a plea agreement between my lawyer and the prosecution under the provision of Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement is as follows:

**There is no plea agreement.**

(11) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(12) I am not under the influence of either drugs or alcohol.

(13) I pray that the court enter my plea of "GUILTY" as set forth in paragraph (9) of this petition, in reliance upon my statements made in this petition.

(14) Recognizing that the court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provision of Rule 32, Fed. R. Crim. P. to the extent that such provision conflicts with 18 U.S.C. § 3552(d), and agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury and in the presence of my lawyer, this the _____ day of _____, 20\_\_.

_____
DEFENDANT

# ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

_____
ATTORNEY FOR GOVERNMENT

# CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for Brandon Miller, hereby certifies as follows:

(1) I have read and fully explained to Mr. Miller all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true:

(3) In my opinion the plea of "GUILTY" as offered by my client in paragraph (9) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the court that the plea of "GUILTY" be accepted and entered as requested in paragraph (9) of the foregoing petition.

Signed by me in open court and in the presence of my client this _____ day of _____, 20__.

_____
DWIGHT E. SCOTT NO 016892
ATTORNEY FOR DEFENDANT
4024 COLORADO AVE.
NASHVILLE, TN 37209
(615) 292-6865

5

**ORDER**

  Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

  DONE in open court this _____ day of _____, 20__.

                     _____
                     UNITED STATES DISTRICT JUDGE